UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.D., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PFIZER, INC., et al.,<br><br>        Defendants. | Case No. 13-cv-02466-JST<br><br>**ORDER GRANTING MOTION TO STAY; DENYING MOTION TO REMAND WITHOUT PREJUDICE; DENYING MOTION TO FILE A SUR-REPLY AS MOOT**<br><br>Re: ECF Nos. 7, 19, 21, 32 |

In this products liability action, Defendants Pfizer Inc. ("Pfizer"), including its former division J.B. Roerig & Co., and Pfizer International LLC ("Pfizer International") move to stay the case pending a decision by the JPML as to the transfer of this action to MDL No. 2342. Plaintiffs oppose the motion to stay and move to remand the action to the San Francisco Superior Court. For the reasons set forth below, the motion to stay is GRANTED and the motion to remand is DENIED WITHOUT PREJUDICE.

## I.  BACKGROUND

Plaintiffs filed this action in San Francisco Superior Court on April 5, 2013, for claims arising of the injuries and birth defects allegedly caused by the use of the prescription drug Zoloft, which is manufactured and distributed by Defendants Pfizer, Inc., Pfizer International LLC, Greenstone LLC, J.B. Roerig & Co., and McKesson Corporation. Defendants removed this action on the basis of diversity of citizenship.

The Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 2342 on April 17, 2012, ("Zoloft MDL") to coordinate pending federal Zoloft cases alleging birth defects. See In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig., 856 F. Supp. 2d 1347 (J.P.M.L. 2012).

After Defendants removed this case, they identified the action to the JPML as a potential tag-along action for transfer to the Zoloft MDL.

Defendants move to stay this action pending a final decision by the JPML as to their transfer petition. Plaintiffs oppose the motion to stay and move instead to remand the action.

## II.     LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In determining whether a stay is warranted pending the JPML's determination of a transfer petition, courts consider the "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." Couture v. Hoffman-La Roche, Inc., No. 12-cv-2657-PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012) (quoting Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal.1997) (citation omitted)).

When motions to stay and to remand are pending, "deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Id. (citation and internal quotation marks omitted). In deciding whether to rule on the motion to remand, "courts consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

## III.     DISCUSSION

The Court concludes that each of the factors discussed above weighs strongly in favor of staying this action pending the JPML's final resolution of the transfer petition.

The potential prejudice to Plaintiffs that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly. On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed. Finally, as several courts throughout the country have recognized, staying a Zoloft action pending a final decision as to whether the action should be transferred to the Zoloft MDL

promotes judicial economy. See, e.g., J.W. v. Pfizer, Inc., 13-cv-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) (granting motion to stay on the grounds that staying the action pending a final decision by the JPML would promote judicial economy and lead to "consistent rulings and efficient consideration of common issues").

## IV. CONCLUSION

Defendants' motion to stay this action pending a final determination by the JPML as to the transferability of this action to MDL No. 2342 is GRANTED. Plaintiffs' motion to remand is DENIED WITHOUT PREJUDICE. Defendants' motion to file a sur-reply to the motion to remand is DENIED AS MOOT. Plaintiffs shall file a motion to lift the stay in the event that the JPML issues a final order denying Defendants' requested transfer.

**IT IS SO ORDERED**.

Dated: July 26, 2013



_____
JON S. TIGAR
United States District Judge